# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**AMANDA S. YOUNG,**
**Claimant Below, Petitioner**

**FILED**

January 20, 2021
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 19-1166** (BOR Appeal No. 2054242)
          (Claim No. 2018025053)

**COUNTRY ROAD 3057, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Amanda S. Young, by Counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Country Road 3057, Inc., by Counsel Steven K. Wellman, filed a timely response.

The issue on appeal is compensability. On May 24, 2018, claims administrator issued an Order holding the claim compensable on a limited basis for left knee contusion only. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's decision on May 8, 2019. This appeal arises from the Board of Review's Order dated November 22, 2019, in which the Board of Review affirmed the decision of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Young, a waitress/server, sustained an injury to her left knee when she slipped and fell on May 17, 2018, while working at an IHOP restaurant. She sought treatment at MedExpress where she was seen by Jessica Irvine, D.O. X-rays of the left knee showed no fracture. She was diagnosed with a knee contusion. Ms. Young returned to MedExpress on May 20, 2018, and was treated by Melissa Clary, PA-C. Ms. Clary reported bruising of the left knee. Ms. Young reported a prior left knee injury she suffered as a child while playing softball. Ms. Clary recommended an MRI. On May 24, 2018, the claim was held compensable for contusion of the left knee. Ms. Young protested the claims administrator's decision.

1

On May 29, 2018, Ms. Young returned to MedExpress for follow-up treatment. She was once again diagnosed with left knee contusion. She was told to stay on modified duty until May 29, 2018, with no bending/stooping or kneeling.

An MRI of the left knee was taken at Raleigh General Hospital on May 31, 2018, and it was interpreted as revealing some linear intermediate signals extending to the non-articular surface of the posterior medial meniscus with possible extension of the undersurface. These findings were concerning for a small non-articular meniscal tear and subtle age-indeterminate meniscocapsular junction injury. Edema was seen in the superolateral aspect of Hoffa's fat pad with patellar maltracking noted.

On June 9, 2018, Ms. Young returned to MedExpress. It was noted that she was waiting for a follow-up with an orthopedist following the MRI. She treated with Mathew Nelson, M.D., an orthopedist, on June 14, 2018. X-rays taken that same day revealed effusion and no significant degenerative changes. Dr. Nelson requested authorization for a hinged knee brace on June 15, 2018.

Ms. Young returned to Dr. Nelson on June 28, 2018. He again diagnosed only a contusion. She returned to Dr. Nelson three additional times, on July 20, 2018; August 16, 2018; and September 17, 2018. On each occasion, Dr. Nelson continued to diagnose only contusion of the left knee.

Ms. Young's testimony was adduced at a deposition held on August 29, 2018. She testified that her MRI study showed a torn meniscus, and she was referred to Dr. Nelson. She also testified that Dr. Nelson requested a knee brace, which she wears regularly. Ms. Young indicated that her knee swells up when she walks and that she suffers sharp pains under her knee cap. She stated that she did not have these symptoms prior to her injury that occurred on May 17, 2018.

In a note from Renew Physical Therapy dated December 20, 2018, the therapist indicated that Ms. Young's knee locked up during her physical therapy session. The therapist remarked that the continued dysfunction was suggestive of internal derangement and residual weakness.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation and issued a report dated February 21, 2019. Dr. Mukkamala discussed and considered the medical records following the compensable injury. He opined that Ms. Young suffered only a contusion injury on May 17, 2019. He stated that the MRI demonstrated degenerative changes of the posterior horn of the lateral meniscus, as well as the posterior horn of the medial meniscus. Dr. Mukkamala also explained that the findings on the MRI were degenerative in nature because Ms. Young did not have effusion present in the left knee on or after the date of injury. Without effusion, Dr. Mukkamala opined that the meniscal tear was not traumatic. He emphasized that the medical evidence supported only a contusion injury as a result of the May 17, 2018, incident. When he was subsequently provided with additional documents, including physical therapy notes, he issued a supplemental report on April 8, 2019. Dr. Mukkamala opined that there was no clinical evidence of internal derangement when he examined Ms. Young, and the MRI findings were degenerative in nature. Accordingly, he again opined that she suffered only a contusion injury on May 17, 2018.

The Office of Judges reviewed the record and issued a decision dated May 8, 2019, affirming the May 24, 2018, claims administrator Order holding the claim compensable on a limited basis, for left knee contusion only. The Office of Judges found that it is undisputed that Ms. Young had past knee issues, which included a left knee sprain and a car wreck in 2016.[1] While Ms. Young argued that she suffered a torn meniscus following her current compensable injury, the Office of Judges determined that MedExpress did not make a diagnosis of a torn meniscus. Dr. Kabbara and Dr. Nelson, who saw her on multiple occasions, continued to diagnose her with only a contusion to the left knee. The possible meniscal tear seen on the MRI on May 31, 2018, was noted to be of indeterminate age. The Office of Judges reasoned that the meniscal tear could have occurred prior to the compensable injury and noted that degenerative factors were seen radiologically as early as 2016. Dr. Mukkamala opined that because Ms. Young was not diagnosed with effusion on the date of injury, the meniscal tear was not traumatic. The Office of Judges concluded that it is more likely than not that Ms. Young's injury on May 17, 2018, did not include a meniscal tear. On November 22, 2019, the Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the May 8, 2019, decision.

After review, we agree with the conclusions of the Office of Judges, as affirmed by the Board of Review. A preponderance of the evidence does not support the addition of meniscal tear as a compensable condition. Dr. Mukkamala opined that Ms. Young did not suffer a meniscal tear on May 17, 2018. He emphasized that there was no effusion present on the date of injury, which confirmed the lack of a traumatic tear of the meniscus. Dr. Mukkamala's opinion is supported by the MRI report from the radiologist, which noted that the age of any potential meniscal tear is indeterminate. Neither Dr. Mukkamala nor Dr. Nelson diagnosed a meniscal tear resulting from the May 17, 2018, injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

---

[1] The Respondent submitted records for treatment for Ms. Young's left knee prior to the date of injury. Records from Raleigh General Hospital dated February 16, 2016, show that she was involved in a motor vehicle accident, and she was diagnosed with a contusion to the left knee. An x-ray taken on March 19, 2016, revealed degenerative changes in the medial compartment of the knee joint with narrowing of the joint space. An August 3, 2016, medical report from Zouhair Kabbara, M.D., noted that Ms. Young complained of sporadic pain above her knee caps. On October 11, 2016, Dr. Kabbarra assessed Ms. Young with piriformis syndrome, resolved, suprapatellar pain, probably secondary to patellofemoral syndrome. On March 31, 2017, Ms. Young sustained an injury to her left knee and filed a workers' compensation claim.

**ISSUED: January 20, 2021**

**CONCURRED IN BY:**
Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead

**DISSENTING:**
Justice John A. Hutchison
Justice William R. Wooton